2015 UT App 34

# THE UTAH COURT OF APPEALS

ANTHONY B. TORRES AND YVETTE TORRES,
Plaintiffs and Appellees,
*v.*
DOUGLAS L. MADSEN; EMMA SILL CRIDDLE; AND
DOUG AND EMMY'S FAMILY RESTAURANT AND CAFÉ, INC.,
Defendants and Appellants.

Memorandum Decision
No. 20131028-CA
Filed February 12, 2015

Second District Court, Farmington Department
The Honorable David M. Connors
No. 080700361

James E. Magleby, Attorney for Appellants

Lorraine P. Brown, Attorney for Appellees

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGE STEPHEN L. ROTH concurred. JUDGE J. FREDERIC
VOROS JR. concurred, with opinion.

DAVIS, Judge:

¶1     Douglas L. Madsen, Emma Sill Criddle, and Doug and
Emmy's Family Restaurant and Café, Inc. (collectively, Defendants)
appeal the district court's denial of their motion to reconsider the
dismissal of their counterclaim for attorney fees. We affirm.

¶2     In June 2008, Anthony B. Torres and Yvette Torres brought
a complaint against Defendants seeking to enforce a Letter of Intent
in which Defendants agreed to sell their restaurant to the Torreses.
Relying on the Letter of Intent, the Torreses retained an attorney to
prepare a Purchase Agreement. However, Defendants rejected the
Purchase Agreement and cut off negotiations with the Torreses.
Accordingly, the Purchase Agreement was never signed.

¶3     On September 9, 2009, the district court granted summary judgment in favor of Defendants, determining that the Letter of Intent was unenforceable. The court also permitted the Torreses to amend their complaint, which they did on October 8, 2009.

¶4     In response to the amended complaint, Defendants filed an answer and counterclaim in which they sought to recover attorney fees. This counterclaim was based on Defendants' assertion that the original complaint relied on the unsigned Purchase Agreement, which contained a provision for payment of attorney fees. Defendants argued that because the Torreses "sought to enforce a contract which had an attorney fee provision," Defendants were "entitled to recover their attorney fees and costs" in accordance with the Reciprocal Attorney Fees Statute. *See* Utah Code Ann. § 78B-5-826 (LexisNexis 2012).

¶5     In response, the Torreses filed a motion to dismiss Defendants' counterclaim for attorney fees, asserting that all of their contract claims were based on the Letter of Intent, which contained no attorney fee provision. They maintained that they never sought to enforce the Purchase Agreement, which "was at no time accepted, agreed to or executed by either party."

¶6     The district court agreed with the Torreses "that all contract related claims [in the original complaint] were based upon the 2007 Letter of Intent and not upon the 2008 Purchase . . . Agreement." Alternatively, the court found that the Purchase Agreement could not be subject to the Reciprocal Attorney Fees Statute because it was not "executed."[1] Accordingly, the district court granted the Torreses' motion to dismiss.

---

1. Defendants argue that a contract can be executed in ways other than signing, such as "through performance of the contract's terms." (Citing *Black's Law Dictionary* 567 (6th ed. 1990) (emphasis omitted).) However, even accepting Defendants' argument, there is no indication that the Purchase Agreement was ever performed or otherwise executed. Accordingly, we see no error in the district court's determination that the Purchase Agreement was not executed.

¶7 Two years later, in October 2012, Defendants moved the court to reconsider its grant of the Torreses' motion to dismiss, on the ground that the Utah Supreme Court's decision in *Hooban v. Unicity International, Inc.*, 2012 UT 40, 285 P.3d 766, permitted recovery of attorney fees under the Reciprocal Attorney Fees Statute based on an agreement that had not been signed by the party seeking to enforce it. *See id.* ¶¶ 4–6. The district court found *Hooban* distinguishable and denied Defendants' motion to reconsider. Defendants appeal.

¶8 Defendants' appeal turns on the question of whether the Torreses' contract-related claims are subject to the Reciprocal Attorney Fees Statute, as interpreted by *Hooban*. A district court's interpretation of a statute presents an issue of law, which we review for correctness. *State Farm Mut. Auto. Ins. Co. v. Green*, 2003 UT 48, ¶ 44, 89 P.3d 97. A district court's interpretation of case law likewise presents an issue of law, which we review for correctness. *State v. Rogers*, 2006 UT 85, ¶ 7, 151 P.3d 171.

¶9 The Reciprocal Attorney Fees Statute provides as follows:

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (LexisNexis 2012). The *Hooban* court determined that parties to litigation implicating the Reciprocal Attorney Fees Statute need not be parties to the relevant contract in order to recover fees. *Hooban*, 2012 UT 40, ¶¶ 21–22. Instead, the Reciprocal Attorney Fees Statute may be invoked whenever a party seeks enforcement of a contract that provides for recovery of attorney fees. *Id.* ¶¶ 25–26; *see also Bilanzich v. Lonetti*, 2007 UT 26, ¶¶ 15–16, 160 P.3d 1041 (explaining that the Reciprocal Attorney Fees Statute "requires only that a party to the litigation assert the writing's enforceability as basis for recovery"). In other words,

even if the court ultimately determines that the relevant contract is not enforceable as to the parties to the litigation, the prevailing party may recover attorney fees pursuant to the terms of the contract if the other party would have been able to recover fees had the contract been determined to be enforceable. *Hooban*, 2012 UT 40, ¶¶ 25–26.

¶10　Defendants assert that the Torreses sought to enforce the Purchase Agreement, which contained an attorney fee provision. Had the court determined that the Purchase Agreement was enforceable, Defendants argue, the Torreses would have been able to recover attorney fees. Thus, in accordance with *Hooban*, Defendants assert that they should be permitted to recover attorney fees because they prevailed on the enforceability issue.

¶11　Had the Torreses actually sought to enforce the Purchase Agreement, Defendants would have a better argument.[2] However, it is clear from the context of the complaint that the Torreses' contract-related claims were based on the signed Letter of Intent. The Torreses' complaint readily admits that Defendants rejected the Purchase Agreement "in its entirety" and makes no attempt to assert that the unsigned Purchase Agreement was enforceable. The district court clearly read the complaint this way as well, even before it was asked to explicitly rule on the question when considering the Torreses' motion to dismiss Defendants' attorney fee counterclaim. The district court's ruling on Defendants' motion for summary judgment indicated that the Torreses "concede that the survival of their Contract Reliant Claims depends on the enforceability of the October 17, 2007 Letter of Intent as a

--------

2. The district court distinguished *Hooban* because the contract in *Hooban* was actually signed by the defendant and another party, whereas the contract in this case was never signed by anyone. *See Hooban v. Unicity Int'l, Inc.*, 2012 UT 40, ¶¶ 4–6, 285 P.3d 766. *See generally* Utah Code Ann. § 78B-5-826 (LexisNexis 2012) (indicating that the Reciprocal Attorney Fees Statute applies to "executed" writings). We need not examine the relevance of this distinction, however, because we conclude that the Torreses never sought to enforce the unsigned Purchase Agreement.

contract."[3] Its analysis addressed only the enforceability of the Letter of Intent and did not even touch on the enforceability of the Purchase Agreement. Although we acknowledge that the complaint's reference to two different contracts—the Letter of Intent and the Purchase Agreement—had the potential to cause confusion, it is clear from the context of these references that the Torreses' contract-related claims were based on the Letter of Intent, not the Purchase Agreement.

¶12 Because the Torreses' contract-related claims were not based on the Purchase Agreement, the Reciprocal Attorney Fees Statute does not apply. The supreme court's decision in *Hooban* does not alter that result. Accordingly, we affirm the district court's grant of the Torreses' motion to dismiss Defendants' attorney fee counterclaim and its denial of Defendants' motion to reconsider.

————

VOROS, Judge (concurring):

¶13 I concur fully in the lead opinion. But even if the primary rationale of that opinion were incorrect, and Defendants' prayer for specific performance "according to the terms of the purchase contract" could be read to mean that the Torreses' action was

————

3. Defendants point out that the Torreses' initial disclosures indicated that the remedy they sought was specific performance of the sale "according to the terms of the [Purchase Agreement]." However, by the time the Torreses' claims were actually put to the test by Defendants' motion for summary judgment, they had conceded that their claims depended solely on the enforceability of the Letter of Intent. While the Torreses' ambitions may arguably have gone beyond enforcement of the Letter of Intent at one point in the process, neither the complaint nor the Torreses' response to the summary judgment motion went so far. It seems too much of a stretch to extend the reach of the Reciprocal Attorney Fees Statute to make irrevocable a position taken at an early procedural stage that has been abandoned by the time of the dispositive motion that ultimately resolves the matter.

based on the Purchase Agreement, I would nevertheless affirm solely on the alternative ground relied upon by both the district court and the majority opinion: the Purchase Agreement was never executed. I write to explain briefly why I conclude that the Reciprocal Attorney Fees Statute requires execution and why that requirement was not met here.

¶14     The Reciprocal Attorney Fees Statute clearly states at least three distinct requirements: (1) a writing executed after a certain date, (2) a civil action based upon that writing, and (3) a provision allowing at least one party to recover fees:

> A court may award costs and attorney fees to either party that prevails in [1] a civil action based upon any promissory note, written contract, or other writing [2] *executed after April 28, 1986*, when [3] the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (emphasis added). Here, the third requirement was not at issue, but the district court addressed the other two. It ruled that the civil action brought by the Torreses "was not based upon" the 2008 Purchase Agreement, but the 2007 Letter of Intent. It also ruled that "the only executed document was the 2007 Letter of Intent." The court refused to award fees, because the Letter of Intent contained no fee provision.

¶15     Defendants argue persuasively in their opening brief that the term of art "executed" may, depending on context, mean "performed" as well as "signed." But this line of argument leads nowhere because, of course, neither party signed or performed the Purchase Agreement. So even under Defendants' preferred reading of the statute, the Purchase Agreement was not "executed after April 28, 1986."

¶16     Defendants also argue that the supreme court's opinion in *Hooban* effectively abrogates the statutory requirement that the writing be executed. However, that opinion addresses only the

statutory requirement that the action be "based upon" a writing, not the statutory requirement that the writing be "executed." The court held that "an action is 'based upon' a contract under the statute if a 'party to the litigation assert[s] the writing's enforceability as basis for recovery.'" *Hooban v. Unicity Int'l, Inc.* 2012 UT 40, ¶ 22, 285 P.3d 766 (alteration in original) (quoting *Bilanzich v. Lonetti*, 2007 UT 26, ¶ 15, 160 P.3d 1041). The opinion does not mention, much less abrogate, the portion of the Reciprocal Attorney Fees Statute limiting the statute's application to writings "executed after April 28, 1986." In fact, the opinion's quotation of the statutory text elides that phrase. *See id.* ¶ 12. And in any event, as the court itself stated, "our cases cannot be read to override the clear terms of the statute." *Id.* ¶ 20 n.4.

––––––––––