VOROS, Judge
(concurring):
T 13 I concur fully in the lead opinion. But even if the primary rationale of that opinion were incorrect, and Defendants' prayer for specific performance "according to the terms of the purchase contract" could be read to mean that the Torreses' action was based on the Purchase Agreement, I would nevertheless affirm solely on the alternative ground relied upon by both the district court and the majority opinion: the Purchase Agreement was never executed. I write to explain briefly why I conclude that the Reciprocal Attorney Fees Statute requires execution and why that requirement was not met here.
1 14 The Reciprocal Attorney Fees Statute clearly states at least three distinct requirements: (1) a writing executed after a certain date, (2) a civil action based upon that writing, and (8) a provision allowing at least one party to recover fees:
A court may award costs and attorney fees to either party that prevails in [1] a civil action based upon any promissory note, written contract, or other writing [2] executed after April 28, 1986, when [8] the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.
Utah Code Ann. § 78B-5-826 (emphasis added). Here, the third requirement was not at *655 issue, but the district court addressed the other two. It ruled that the civil action brought by the Torreses "was not based upon" the 2008 Purchase Agreement, but the 2007 Letter of Intent. It also ruled that "the only executed document was the 2007 Letter of Intent." The court refused to award fees, because the Letter of Intent contained no fee provision.
{15 Defendants argue persuasively in their opening brief that the term of art "executed" may, depending on context, mean "performed" as well as "signed." But this line of argument leads nowhere because, of course, neither party signed or performed the Purchase Agreement. So even under Defendants' preferred reading of the statute, the Purchase Agreement was not "executed after April 28, 1986."
{16 Defendants also argue that the supreme court's opinion in Hoobanm effectively abrogates the statutory requirement that the writing be executed. However, that opinion addresses only the statutory requirement that the action be "based upon" a writing, not the statutory requirement that the writing be "executed." The court held that "an action is 'based upon' a contract under the statute if a 'party to the litigation assert[s] the writing's enforceability as basis for recovery.'" Hooban v. Unicity Int'l, Inc. 2012 UT 40, ¶ 22, 285 P.3d 766 (alteration in original) (quoting Bilanzich v. Lonetti, 2007 UT 26, ¶ 15, 160 P.3d 1041). The opinion does not mention, much less abrogate, the portion of the Reciprocal Attorney Fees Statute limiting the statute's application to writings "executed after April 28, 1986." In fact, the opinion's quotation of the statutory text elides that phrase. See id. 112. And in any event, as the court itself stated, "our cases cannot be read to override the clear terms of the statute." Id. " 20 n. 4.