2001 UT App 341

**Mark ANGLIN, Plaintiff and Appellee,**

v.

**CONTRACTING FABRICATION MACHINING, INC. aka CFM, Inc., Defendant and Appellee.**

**Custom Steel Fabrication, Intervenor and Appellant.**

No. 20000208–CA.

Court of Appeals of Utah.

Nov. 16, 2001.

Michael A. Jensen, Salt Lake City, for Appellant.

Mark Anglin, Aspen, CO, Appellee Pro Se.

Before BILLINGS, J., and GARFF, Senior Judge,[1] and THORNE, Jr., J.

## OPINION

BILLINGS, Judge:

¶ 1 Mark Anglin brought suit on a promissory note he had with Contracting Fabrication Machining, Inc. (CFM) and obtained a pre-judgment writ of garnishment on CFM funds held by Stephen Blevins. Custom Steel Fabrication, Inc. (Custom Steel) intervened in the lawsuit and was successful in dissolving the writ of garnishment. Custom Steel requested attorney fees under Utah Code Ann. § 78–27–56.5 (1996), which the trial court denied. Custom Steel appeals the trial court's denial of its attorney fees. We affirm.

## BACKGROUND

¶ 2 On September 7, 1993, CFM executed a promissory note in favor of Mark Anglin. CFM voluntarily dissolved in 1996. CFM's only remaining assets were funds held by Blevins. In November 1999, Anglin brought suit against CFM on the promissory note, seeking a Prejudgment Writ of Garnishment directed to Blevins as well as costs and attorney fees. Anglin sought the costs and attorney fees under a provision in the promissory note allowing for recovery of the same.

¶ 3 Custom Steel intervened in the suit, seeking to dissolve the garnishment, dismiss Anglin's complaint with prejudice, and asking for an award of attorney fees pursuant to section 78–27–56.5.

¶ 4 Custom Steel's intervention was based on an earlier "Global Settlement Agreement" entered into by Blevins and Custom Steel. The agreement required that the receivables held by CFM be transferred to Blevins, and that Blevins deliver one third of that amount to Custom Steel within ten days of receipt. However, before Blevins delivered the required amount to Custom Steel, Anglin sought to garnish the funds being held by Blevins—including those funds earmarked for Custom Steel.

¶ 5 The trial court ordered the garnishment dissolved and dismissed Anglin's complaint with prejudice. However, the trial court denied Custom Steel's request for attorney fees. Custom Steel appeals the trial court's denial of attorney fees.

## ISSUE AND STANDARD OF REVIEW

¶ 6 The issue on appeal is whether Custom Steel is entitled to attorney fees under Utah Code Ann. § 78–27–56.5. This appeal turns on the proper interpretation of section 78–27–56.5 and is therefore a ques-

---

1. Senior Judge Regnal W. Garff sitting by special appointment pursuant to Utah Code Ann. § 78– 2–4(2) (1996); Utah Code Jud. Admin. R3– 108(4).

tion of law reviewed for correctness. *See Rushton v. Salt Lake County*, 1999 UT 36,- ¶ 17, 977 P.2d 1201.

## ANALYSIS

■ ¶ 7 Utah Code Ann. § 78–27–56.5 (1996) provides for reciprocal rights to recover attorney fees in litigation arising under a promissory note. The statute states: "A court may award costs and attorney's fees to either party that prevails in a civil action based upon any promissory note . . . when the provisions of the promissory note . . . allow at least one party to recover attorney's fees." *Id.*

¶ 8 Custom Steel asserts that it is entitled to attorney fees under this provision because it is the prevailing party in litigation that arose under a promissory note (the garnishment action), and the promissory note allowed at least one party, Anglin, to recover attorney fees. In determining who is entitled to attorney fees under section 78–27–56.5, we must determine who is a "party" entitled to the benefit of the statute.

■ ¶ 9 "In construing any statute, we first examine the statute's plain language and resort to other methods of statutory interpretation[ ] only if the language is ambiguous. Accordingly, we read the words of a statute literally . . . and give the words their usual and accepted meaning." *Hercules, Inc. v. Utah State Tax Comm'n*, 2000 UT App 372, ¶ 9, 21 P.3d 231 (internal quotation omitted). In so doing, we "assume that each term was used advisedly by the legislature." *Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14, 993 P.2d 875.

■ ¶ 10 Here, the plain language of the statute defeats Custom Steel's position. Custom Steel would have us construe the statute to mean that *any* party to the litigation involving a promissory note may recover attorney fees so long as one party to the note has the right to recover attorney fees under the note. To support Custom Steel's interpretation, however, the statute would have to read, "any party that prevails . . . ." The statute states clearly that "either party that prevails in a civil action based upon any promissory note" may recover attorney fees.

Utah Code Ann. § 78–27–56.5. The use of the word "either," which comes directly before and modifies the word "party," is reasonably read to restrict the meaning of "party" to include only the parties to the original promissory note, not any party to the litigation.

■ ¶ 11 Such a construction is clear not only from the plain language of the statute, but also from the purpose the statute was meant to achieve. "When interpreting a statute, it is axiomatic that this court's primary goal 'is to give effect to the legislature's intent in light of the purpose that the statute was meant to achieve.'" *Biddle*, 1999 UT 110 at ¶ 14, 993 P.2d 875 (quoting *Evans v. Utah*, 963 P.2d 177, 184 (Utah 1998)). " 'The general rule in Utah is that attorney fees cannot be recovered absent statutory authorization or contract.' " *Carr v. Enoch Smith Co.*, 781 P.2d 1292, 1296 (Utah Ct.App.1989) (quoting *Cooper v. Deseret Fed. Sav. & Loan Ass'n*, 757 P.2d 483, 486 (Utah Ct.App.1988)). "Moreover, where a contract provides for attorney fees, they are awardable only on the terms and to the extent authorized in the contract." *Id.* Thus, if a contract allows only one party to recover attorney fees—presumably the drafting party—the other party to the contract—usually the weaker party—cannot recover attorney fees, even if it is the prevailing party in litigation arising under the contract. Section 78–27–56.5 specifically addresses this situation by providing reciprocal rights to attorney fees, thereby creating a level playing field for all parties to a promissory note.

¶ 12 Clearly, Custom Steel was never a party to the agreement between Anglin and CFM. The plain language and apparent purpose of section 78–27–56.5 simply does not benefit litigants who are not parties to the underlying promissory note. Accordingly, we affirm the trial court's denial of attorney fees under Utah Code Ann. § 78–27–56.5.

¶ 13 WE CONCUR: REGNAL W. GARFF, Senior Judge, WILLIAM A. THORNE, Jr., Judge.