2009 UT App 287

**Roger HOOBAN, an individual, Plaintiff and Appellee,**

v.

**UNICITY INTERNATIONAL, INC., a Delaware corporation, Defendant and Appellant.**

**No. 20080922–CA.**

Court of Appeals of Utah.

Oct. 8, 2009.

---

Steven C. Smith and John S. Clifford, Santa Ana, CA, for Appellant.

Chad C. Shattuck, Draper, for Appellee.

Before Presiding Judge GREENWOOD, BENCH and DAVIS, JJ.

## MEMORANDUM DECISION

BENCH, Judge:

¶ 1 Defendant Unicity International, Inc. (Unicity) appeals the district court's denial of its request for statutory attorney fees after successfully defending against a contract-based suit brought by Plaintiff Roger Hooban. Because the district court based its denial of statutory attorney fees on an erroneous legal interpretation of the applicable statute, we reverse and remand for further proceedings.

## BACKGROUND

¶ 2 At a bankruptcy auction, Hooban purchased all outstanding stock in H & H Networking Services, Inc. (H & H), which had previously been wholly owned by John and

Brenda Hargett. Prior to being sold at auction, H & H had entered into a distributorship agreement (the Contract) with Unicity. The Contract included restrictions on transfer of the distributorship: Unicity reserved a right of first offer, allowing Unicity to object to any transfer and purchase back the distributorship. The Contract also provided that in the event of a legal dispute, "the prevailing party shall be reimbursed attorney[ ] fees ... by the other party."

¶ 3 Under the terms of the Contract, the transfer of H & H stock from the Hargetts to Hooban constituted a transfer of the distributorship. Unicity objected to the transfer and attempted to exercise its right of first offer, offering Hooban an amount equal to what he had paid at auction. Hooban refused and filed a complaint, attempting to enforce the Contract against Unicity. Hooban also sought attorney fees under the Contract.

¶ 4 Unicity and Hooban both filed motions for summary judgment, and the district court granted Unicity's motion. The district court determined that Hooban had brought suit against Unicity as an individual and not as a representative of H & H, and that although H & H was a party to the Contract, Hooban was not. The district court concluded that because Hooban was not a party to the Contract he lacked standing to enforce its terms. Accordingly, the district court dismissed all of Hooban's claims.

¶ 5 Unicity filed a motion to recover attorney fees under Utah Code section 78B–5–826.[1] The district court denied Unicity's motion for attorney fees, reasoning that because it had concluded that Hooban was not a party to the Contract, the Contract could not be used as a basis to award attorney fees under the statute. Unicity appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Our disposition of this appeal turns on our selection of the appropriate standard of review. Hooban argues that because Utah Code section 78B–5–826 provides that "[a]

court *may* award ... attorney fees," the district court's decision must be reviewed for an abuse of discretion. Utah Code Ann. § 78B–5–826 (2008) (emphasis added); *see also Bilanzich v. Lonetti*, 2007 UT 26, ¶ 17, 160 P.3d 1041 (recognizing that the statutory language in section 78B–5–826 "is not mandatory but allows courts to exercise discretion in awarding attorney fees"). Unicity argues that the district court's decision to deny attorney fees was not actually based upon an exercise of its discretion but was, instead, based upon an incorrect interpretation and misapplication of section 78B–5–826. Unicity argues "that courts do not have discretion to misapply the law[, and thus] legal determinations concerning the proper interpretation of [a] statute which grants the [district] court discretion are reviewed for correctness." *State v. Petersen*, 810 P.2d 421, 425 (Utah 1991).

■■■ ¶ 7 After reviewing the district court's written ruling denying Unicity attorney fees, we are persuaded that the district court's decision was based on a legal interpretation of section 78B–5–826. The district court conducted a lengthy legal analysis of section 78B–5–826, ultimately concluding that the statute is inapplicable to Unicity's request for attorney fees. Only after reaching this legal conclusion did the district court mention, in passing, its discretion to award attorney fees. We, therefore, review the district court's decision as one of "[s]tatutory interpretation[, which] is a matter of law ... review[ed] for correctness." *Bilanzich*, 2007 UT 26, ¶ 10, 160 P.3d 1041. Accordingly, the issue presented for our review is whether the district court correctly determined that section 78B–5–826 does not apply to a request for attorney fees incurred from defending against a contract-based suit where the party to the litigation seeking to enforce the contract is found not to be a party to that contract.

## ANALYSIS

■■ ¶ 8 "Generally, attorney fees are awarded only when authorized by contract or

---

1. In 2008, Utah's reciprocal attorney fees statute was renumbered from section 78–27–56.5 to section 78B–5–826, without substantive change.

*See* Utah Code Ann. § 78B–5–826 amend. notes (2008). For convenience, we cite to the current version of the statute.

by statute." *Bilanzich v. Lonetti,* 2007 UT 26, ¶ 11, 160 P.3d 1041. Here, Unicity seeks statutory attorney fees under Utah Code section 78B–5–826. In response, Hooban argues that section 78B–5–826 is inapplicable because he was found not to be a party to the Contract and, therefore, the Contract cannot be used as a basis to award attorney fees to Unicity.

■ ¶ 9 Section 78B–5–826 provides, "A court may award . . . attorney fees to either party that prevails in a civil action based upon any . . . written contract . . . when the provisions of the . . . written contract . . . allow at least one party to recover attorney fees." Utah Code Ann. § 78B–5–826 (2008). Under the statute's plain language, attorney fees are awardable if two conditions are met: first, the underlying litigation must be based upon a contract; and second, the contract must allow at least one party to recover attorney fees. *See Bilanzich,* 2007 UT 26, ¶¶ 14–16, 160 P.3d 1041. The statute does not require that the contract or its provisions actually be enforceable under the theory advanced in the lawsuit. *See id.* ¶¶ 15–16 (holding that attorney fees incurred from a suit based upon a contract may be awarded under Utah Code section 78B–5–826, regardless of the contract's enforceability). Instead, "the language of the statute focuses on the provisions of the writing rather than its legal effect" and "requires only that a party to the litigation assert the [contract's] enforceability as basis for recovery." *Id.* ¶¶ 16, 15.

■ ¶ 10 Section 78B–5–826 applies to Unicity's request for attorney fees because Hooban's suit was "based upon" the Contract. Hooban brought suit against Unicity as if he were a party to the Contract, attempting to enforce the Contract and even seeking attorney fees under its provisions. Hooban, therefore, brought a "civil action based upon . . . [a] written contract . . . [which] allow[ed] at least one party to recover attorney fees." *See* Utah Code Ann. § 78B–5–826. That Hooban was found not to be a party to the Contract does not bar application of section 78B–5–826 because the statute "requires only that a *party to the litigation* assert the [contract's] enforceability as basis for recovery." *Bilanzich,* 2007 UT 26, ¶ 15, 160 P.3d 1041 (emphasis added).[2]

## CONCLUSION

■ ¶ 11 Utah Code section 78B–5–826 is applicable to Unicity's request for statutory attorney fees incurred from successfully defending against Hooban's contract-based suit wherein Hooban attempted to enforce the Contract as a party. Having concluded that section 78B–5–826 applies here, we remand to the district court for determination, in exercise of its discretion, of whether Unicity should be awarded statutory attorney fees.[3]

¶ 12 Accordingly, we reverse and remand for proceedings consistent with this opinion.

¶ 13 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and JAMES Z. DAVIS, Judge.

---

2. We recognize that our disposition of this case is inconsistent with the holding in *Anglin v. Contracting Fabrication Machining, Inc.,* 2001 UT App 341, 37 P.3d 267. *See id.* ¶ 10 (concluding that Utah Code section 78B–5–826 applies only to parties to the contract and not to parties to the litigation). However, we conclude that the more recent supreme court case *Bilanzich v. Lonetti,* 2007 UT 26, 160 P.3d 1041, is controlling.

3. Whether attorney fees should be awarded under Utah Code section 78B–5–826 is a separate policy-driven analysis subject to the district court's discretion. *See Bilanzich,* 2007 UT 26, ¶¶ 17–21, 160 P.3d 1041 (explaining that section 78B–5–826 is discretionary, subject to the statute's underlying policies and other equitable principles); *see also Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, ¶¶ 76–77, 201 P.3d 966 (emphasizing that attorney fees may be awarded under section 78B–5–826 when there is "an unequal exposure to the risk of contractual liability for attorney fees" but warning that the statute should not be used to simply award attorney fees to a prevailing party when no such unequal risk exists (internal quotation marks omitted)).