IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| <u>The Home Abstract and Title Co., Inc.</u>; | ) | MEMORANDUM DECISION |
| Kevin Leatham; and Lara Leatham, | ) | |
| | ) | Case No. 20110185-CA |
| Plaintiffs and Appellee, | ) | |
| | ) | |
| v. | ) | F I L E D |
| | ) | (June 7, 2012) |
| <u>American Pension Services, Inc.</u>; | ) | |
| Miramar Investments, LLC; Denver C. | ) | 2012 UT App 165 |
| Snuffer Jr.; Remington Commercial | ) | |
| Advisors, LLC; and Jonathan Jay Reyes, | ) | |
| | ) | |
| Defendants and Appellant. | ) | |

-----

Third District, Salt Lake Department, 060903694
The Honorable Tyrone E. Medley

Attorneys:    Denver C. Snuffer Jr., Daniel B. Garriott, and Tahnee L. Hamilton,
              Sandy, for Appellant
              Timothy W. Blackburn and Richard H. Reeve, Ogden, for Appellee

-----

Before Judges Voros, Davis, and Roth.

DAVIS, Judge:

¶1      American Pension Services, Inc. (APS) challenges the trial court's denial of its claim for attorney fees. APS raises three arguments on appeal. First, APS asserts that the underlying action directly involved APS's ability to enforce a particular trust deed (the Trust Deed), the terms of which entitle APS to recover reasonable attorney fees "incurred in pursuing the remedies provided" therein. Second, APS argues that the

trial court erred in determining that Utah Code section 57-1-32, which permits the prevailing party pursuing a deficiency claim in a foreclosure proceeding to recover attorney fees, did not apply in this case. *See generally* Utah Code Ann. § 57-1-32 (2010). Last, APS argues that the trial court erred in refusing to award attorney fees under Utah Code section 78B-5-825 because The Home Abstract and Title Company, Inc.'s (Home Abstract) claims were without merit and brought in bad faith. *See generally id*. § 78B-5-825 (2008). We affirm.

¶2 "Attorney fees are awardable only if provided for by statute or contract." *Occidental/Nebraska Fed. Sav. Bank v. Mehr*, 791 P.2d 217, 221 (Utah Ct. App. 1990). "Whether attorney fees are recoverable in an action is a question of law, which we review for correctness." *Valcarce v. Fitzgerald*, 961 P.2d 305, 315 (Utah 1998).

¶3 Regarding APS's first argument, the trial court determined that because Home Abstract "is not a signatory on the Trust Deed and Trust Deed Note[,] . . . there is no contract allowing attorney fees to be awarded." APS argues that because "Home Abstract put the Trust Deed, and its provisions, at issue in this case," the trial court should have awarded APS its attorney fees. For support, APS points to Utah Code section 78B-5-826, which states,

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826. APS also cites *Bilanzich v. Lonetti*, 2007 UT 26, 160 P.3d 1041, which states, "In exercising their discretion, . . . district courts should award fees liberally under Utah Code section [78B-5-826] where pursuing or defending an action results in an unequal exposure to the risk of contractual liability for attorney fees." *Id.* ¶ 19.

¶4 We disagree with APS but also decline to opine as to whether the trial court correctly denied attorney fees under the Trust Deed because Home Abstract was not a signatory to it. *See generally Hooban v. Unicity Int'l, Inc.*, 2009 UT App 287, ¶ 10, 220 P.3d 485 (mem.) (concluding that although the plaintiff was not a party to the contract that was the subject of the lawsuit, the defendant, who prevailed at trial, was nonetheless entitled to collect attorney fees under Utah Code section 78B-5-826 "because the statute

'requires only that a party to the litigation assert the [contract's] enforceability as [a] basis for recovery'" (first alteration in original) (emphasis omitted) (quoting *Bilanzich*, 2007 UT 26, ¶ 15)), *aff'd*, 2012 UT 19, ¶ 32 ("A party is entitled to reciprocal fee-shifting by statute when the provisions of a contract would have entitled at least one party to recover its fees had that party prevailed in a civil action *based upon the contract*." (emphasis added) (internal quotation marks omitted)). Instead, we affirm on the ground that the Trust Deed was not the basis of Home Abstract's claim and that the Trust Deed's attorney fees provision and Utah Code section 78B-5-826 are therefore inapplicable to the case at hand. *See Bilanzich*, 2007 UT 26, ¶ 1 ("Utah Code section 78-27-56.5[, the predecessor to Utah Code section 78B-5-826 (2008),] grants the district court discretion to award attorney fees and costs to a prevailing party if the writing that forms the basis of the lawsuit provides attorney fees for at least one party."). *See generally Dipoma v. McPhie*, 2001 UT 61, ¶ 18, 29 P.3d 1225 ("[I]t is well settled that an appellate court may affirm the judgment appealed from 'if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court.'" (emphasis omitted) (quoting *Limb v. Federated Milk Producers Ass'n*, 23 Utah 2d 222, 461 P.2d 290, 293 n.2 (1969))).

¶5      Here, Home Abstract sued APS (and several other parties) alleging that an oral representation resulting in an agreement between APS and Home Abstract authorized Home Abstract's short sale of twelve properties, including a residential property in Salt Lake City, Utah (the Property). "In reliance on APS'[s] prior authorization for the short sale, and on [other parties'] representation that APS had approved the short sale, . . . [Home Abstract's escrow agent] recorded with the Salt Lake County Recorder a Warranty Deed to the Property from [the seller] to Lara Leatham." In other words, Home Abstract's lawsuit essentially sought to enforce the terms of the alleged oral agreement regardless of, and instead of, the terms of the Trust Deed.[1] The underlying

---

1. Moreover, paragraph twenty-one of the Trust Deed, which APS relies on, states, "Lender[, APS,] shall be entitled to collect all expenses *incurred in pursuing the remedies provided in this paragraph 21*, including, but not limited to, reasonable attorneys' fees . . . ." (Emphasis added.) In other words, the Trust Deed's terms limit the situations in which attorney fees are recoverable, and the remedies listed in paragraph twenty-one do not include defending against actions that are, at best, tangentially related to the

(continued...)

lawsuit initiated by Home Abstract centered on whether such an agreement was actually made and, if it was, whether it was enforceable, or at least whether Home Abstract was justified in relying on it. Consequently, we agree with Home Abstract's argument presented during the hearing on APS's motion for attorney fees in which it explained, "This was a cause of action on an oral representation that we could close this [short sale] on the documents that we had." Therefore, because the suit brought by Home Abstract was not "based upon" the Trust Deed, the terms of the Trust Deed do not provide a means for APS to recover attorney fees.

¶6    Second, APS challenges the trial court's determination that Utah Code section 57-1-32 "is not broad enough to reach the facts in this case." Section 57-1-32 establishes the means by which "an action may be commenced to recover the balance due upon the obligation for which [a] trust deed was given as security" and provides that "[i]n any action brought under this section, the prevailing party shall be entitled to collect its costs and reasonable attorney fees incurred." Utah Code Ann. § 57-1-32 (2010). The statute provides a remedy for parties seeking a deficiency judgment following a non-judicial foreclosure. *See Machock v. Fink*, 2006 UT 30, ¶ 22, 137 P.3d 779 ("Following foreclosure, if the creditor wishes to seek additional recovery, [i.e., a deficiency judgment,] Utah Code section 57-1-32 provides the exclusive procedure for obtaining such recovery."). Again, this is not what occurred here; APS initiated a foreclosure of the Property after Home Abstract completed a short sale of it. The foreclosure proceeded, and Home Abstract "paid the lien in full but continued this suit asking for the return of everything over the short sale payment." As the trial court explained in the hearing on APS's motion for attorney fees, these "alleged breach of contract and misrepresentations claims are [not] . . . claims to collect the balance upon an obligation secured by a trust deed, which is the language out of the foreclosure statute. That [statutory] language . . . appears to be more tightly drawn." The case at hand is not covered under section 57-1-32. Therefore, section 57-1-32 is inapplicable and does not provide APS a means to recover attorney fees.

¶7    Last, the trial court held that APS failed to prove intent, which is required by "[t]he Bad Faith statute[, Utah Code section 78B-5-825]." Section 78B-5-825 states,

> (1) In civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the

---

1. (...continued)
trust deed.

action or defense to the action was without merit and not brought or asserted in good faith, except under Subsection (2).

(2) The court, in its discretion, may award no fees or limited fees against a party under Subsection (1), but only if the court:

       (a) finds the party has filed an affidavit of impecuniosity in the action before the court; or

       (b) the court enters in the record the reason for not awarding fees under the provisions of Subsection (1).

Utah Code Ann. § 78B-5-825 (2008). "It [i]s within the trial court's discretion to determine bad faith under this section," *Canyon Country Store v. Bracey*, 781 P.2d 414, 421 (Utah 1989) (interpreting the predecessor statute to section 78B-5-825), which determination "we review . . . under a clearly erroneous standard," *Edwards v. Powder Mountain Water & Sewer*, 2009 UT App 185, ¶ 13, 214 P.3d 120 (omission in original). Recognizing that section 78B-5-825 could be construed broadly, the Utah Supreme Court has interpreted the statute as requiring that the "prevailing party must demonstrate two distinct elements before a court may award attorney fees; namely, that the claim is (1) without merit, and (2) not brought or asserted in good faith." *In re Discipline of Sonnenreich*, 2004 UT 3, ¶ 46, 86 P.3d 712 (interpreting the predecessor statute to section 78B-5-825). A case that is "without merit" "border[s] on frivolity," having "little weight or importance" and "no basis in law or fact." *Cady v. Johnson*, 671 P.2d 149, 151 (Utah 1983) (internal quotation marks omitted). That a case was brought in bad faith can be demonstrated by a finding of at least one of the following factors: "(i) The party lacked an honest belief in the propriety of the activities in question; (ii) the party intended to take unconscionable advantage of others; or (iii) the party intended to or acted with the knowledge that the activities in question would hinder, delay, or defraud others." *Valcarce v. Fitzgerald*, 961 P.2d 305, 316 (Utah 1998). "The statute does not require a trial court to hold a hearing to determine if a party has" exhibited bad faith "or if an action was without merit. Nor does it require written findings on the bad faith issue [if bad faith is not found]." *Canyon Country Store*, 781 P.2d at 421-22.

¶8    APS argues that "Home Abstract, as a title company dealing with property transactions and the Statute of Frauds on a daily basis, could not have reasonably relied on any alleged oral representation in selling the . . . Property." APS also argues that Home Abstract demonstrated bad faith when it submitted an allegedly forged document into evidence (Exhibit 49) in support of its position.

¶9    Here, the trial court determined that Home Abstract did not have the intent to take unconscionable advantage of APS and did not rule on whether Exhibit 49 was forged, choosing instead to give it little weight in its analysis. As described previously, Home Abstract argued at trial that it proceeded to sell the Property at a short sale upon APS's oral authorization and mailed APS a check for the proceeds, which was subsequently returned. Though Home Abstract is presumably familiar with the Statute of Frauds given the title company's business, it appears Home Abstract nonetheless took steps in reliance on an oral agreement it believed it made with APS. While Home Abstract's claims were eventually determined to be without merit by the trial court, we cannot say that they were brought in bad faith, as required by section 78B-5-825. *See Valcarce*, 961 P.2d at 316. Accordingly, we defer to the trial court's determination that attorney fees were not warranted under section 78B-5-825 for lack of a showing of bad faith.

¶10   In conclusion, the trial court correctly denied APS's request for attorney fees under the terms of the Trust Deed, Utah Code section 57-1-32, and Utah Code section 78B-5-825. Affirmed.

_____
James Z. Davis, Judge

-----

¶11   I CONCUR:

_____
Stephen L. Roth, Judge

-----

Voros, Associate Presiding Judge (concurring):

¶12   I fully concur in the majority opinion. I write separately only to explain my thinking with respect to one point.

¶13   As stated in the majority opinion, APS's bad faith attorney fee claim rests in part on its allegation that Home Abstract "ginned up a fake document," a suspicious payoff

quote sheet (Exhibit 49).  The trial court was wary of this document and refused to accord it "the kind of weight" necessary to support Home Abstract's negligent misrepresentation claim.  But the court never found that Exhibit 49 was forged or altered.  We are thus not in a position to treat the document as forged or altered. However, had the court made such a finding, the bad faith of the party responsible for it would be, in my opinion, glaring.

_____

J. Frederic Voros Jr.,
Associate Presiding Judge