2015 UT App 132

# THE UTAH COURT OF APPEALS

FEDERATED CAPITAL CORPORATION,
Plaintiff and Appellee,

*v.*

CHERYL HANER,
Defendant and Appellant.

Opinion
No. 20140469-CA
Filed May 29, 2015

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 139403292

Lester A. Perry, Attorney for Appellant

Linda M. Jones, Troy L. Booher, and Erin B. Hull,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES GREGORY K. ORME and JOHN A. PEARCE concurred.

VOROS, Judge:

¶1      This appeal involves the award of attorney fees pursuant to Utah's reciprocal attorney fee statute. We hold that fees should be awarded under that statute on the same basis that they would be awarded under the applicable contract provision. In particular, a court should not withhold fees in reliance on disputed allegations in the pleadings or on the ground that the prevailing party succeeded on a procedural defense without litigating the merits of the underlying claim. Applying these principles, we reverse the district court's denial of attorney fees and remand for the district court to award reasonable reciprocal attorney fees incurred in the district court and on appeal.

BACKGROUND

¶2 Appellant Cheryl Haner allegedly applied for and received a business credit card (the Credit Card Account) from Advanta Bank Corporation.[1] As the Credit Card Account holder, Haner consented to the Advanta Business Card Agreement (the Agreement), which stated the terms of the Credit Card Account. The Agreement included a provision allowing Advanta to assign its rights under the Agreement, a choice-of-law and forum-selection clause designating Utah for both purposes, and an attorney-fee provision. The attorney-fee provision required the account holder to pay fees and costs associated with any collection action:

> To the extent not prohibited by applicable law, you agree to pay all collections costs, including (but not limited to) attorneys fees of 25% of any amount we bring a legal claim to collect. You will pay a smaller amount if a smaller amount is ruled appropriate or is provided for by applicable law.

¶3 At some point Haner stopped making payments on the Credit Card Account. Advanta charged off the Credit Card

---

1. The record does not establish whether Haner held the Credit Card Account in her individual capacity or whether her company, Haner Interprises, held the Credit Card Account as a limited liability company. The district court resolved the case at summary judgment on statute of limitations grounds and did not reach this factual issue. For purposes of clarity, we refer to Haner individually throughout this opinion while recognizing that she may not have individually been a party to the Credit Card Account.

Account in the amount of $12,005.83.[2] A short time later, Appellee Federated Capital Corporation bought tranches of assets from Advanta, including the Credit Card Account.[3]

¶4 On September 14, 2013—more than five years after acquiring Advanta's rights with respect to the Credit Card Account—Federated sued Haner in Utah and served her with a summons and complaint in New Mexico, where she lived. After receiving the summons and complaint, Haner, who at the time suffered from several serious health problems, contacted an attorney in New Mexico. That attorney misinformed her that Federated had to sue her in New Mexico. Haner accordingly filed no answer to the Utah complaint.

¶5 On Federated's motion, the district court entered a default judgment against Haner. The total default judgment amounted to $35,338.97, including principal of $12,005.83, interest of $22,960.76, and costs in the amount of $372.38. The Credit Card Account had accrued interest for more than five years at 34.99%.

---

2. "Charge off" means "[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." *Black's Law Dictionary* 266 (9th ed. 2009).

3. Not long after Advanta sold tranches of its charged-off accounts to Federated, Advanta entered into a consent decree with the FDIC. *In re Advanta Bank Corp.*, FDIC-08-259b, FDIC-08-403k (Federal Deposit Insurance Corp. June 30, 2009) (Stipulated Orders). The consent decree resolved allegations that Advanta's marketing and repricing of its credit card accounts violated the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) (2006); that Advanta operated "without effective oversight and supervision" of its credit card products; that Advanta's violations of law unjustly enriched it; and that Advanta should make restitution to remedy the injuries its violations caused.

¶6    After learning of the default judgment, Haner retained Utah counsel and moved the court to set aside the default judgment. Federated stipulated to the motion, and the court granted it. After filing her answer, Haner moved for summary judgment on multiple grounds, including that the statute of limitations barred the complaint. She also requested attorney fees under Utah's reciprocal attorney fee statute, Utah Code section 78B-5-826.

¶7    Following a 14-minute hearing, the district court granted Haner's motion for summary judgment on statute of limitations grounds. Federated does not challenge this judgment on appeal. While granting Haner's motion for summary judgment, the district court nevertheless denied Haner's request for attorney fees. The district court ruled that she "would be unjustly enriched if she were awarded her attorney's fees incurred in this lawsuit under Utah's reciprocal attorney's fee statute, Utah Code Ann. § 78B-5-826. Therefore, no attorney's fees are awarded to her."

¶8    Haner contends that the district court erred in denying her request for attorney fees. She also seeks her attorney fees incurred on appeal.

ISSUE AND STANDARD OF REVIEW

¶9    The sole issue on appeal is whether the district court erred in denying Haner's request for attorney fees. Generally speaking, "[w]hether attorney fees are recoverable in an action is a question of law, which we review for correctness." *Fericks v. Lucy Ann Soffe Trust*, 2004 UT 85, ¶ 22, 100 P.3d 1200 (citation and internal quotation marks omitted). However, we review certain related issues for an abuse of discretion. For example, the determination of which party prevailed in a civil action—and thus may be entitled to attorney fees—is reviewed for an abuse of discretion. *See Anderson & Karrenberg v. Warnick*, 2012 UT App 275, ¶ 8, 289 P.3d 600 (citing *Reighard v. Yates*, 2012 UT 45, ¶ 12,

285 P.3d 1168). And we review the calculation of reasonable attorney fees for an abuse of discretion. *See Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988).

¶10    Here, had the district court determined as a matter of law that the reciprocal attorney fee statute did not allow Haner to recover fees, we would review its decision for correctness. *See Hooban v. Unicity Int'l, Inc.*, 2009 UT App 287, ¶¶ 6–7, 220 P.3d 485, *aff'd*, 2012 UT 40, 285 P.3d 766. Instead, the district court exercised the discretion our supreme court said the reciprocal attorney fee statute allows. *See Bilanzich v. Lonetti*, 2007 UT 26, ¶ 17, 160 P.3d 1041 ("[T]he language of the statute is not mandatory but allows courts to exercise discretion in awarding attorney fees and costs."). Because Haner challenges the district court's exercise of discretion, we review its decision for an abuse of that discretion. *See id.*; *see also Dillon v. Southern Mgmt. Corp. Ret. Trust*, 2014 UT 14, ¶ 48, 326 P.3d 656 (holding that "the district court did not abuse its discretion in awarding" the prevailing party attorney fees under the statute).

ANALYSIS

¶11    "In Utah, attorney fees are awardable only if authorized by statute or by contract." *Dixie State Bank*, 764 P.2d at 988. Under Utah's reciprocal attorney fee statute, courts may award attorney fees to the prevailing party of a contract dispute so long as the contract provided for the award of attorney fees to at least one of the parties:

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (LexisNexis 2012). Federated does not dispute that Haner satisfies the requirements of the statute; rather it contends the district court acted within its statutory discretion in denying Haner's request for fees.

¶12 The reciprocal attorney fee statute "provides no guidance as to when fees should be awarded." *Bilanzich*, 2007 UT 26, ¶ 17. Therefore, "district courts should look to the policies underlying the statute in exercising [the] discretion" allowed. *Id.* The reciprocal attorney fee statute "was designed to creat[e] a level playing field for parties to a contractual dispute." *Id.* ¶ 18 (alteration in original) (citation and internal quotation marks omitted). It "levels the playing field by allowing both parties to recover fees where only one party may assert [the right to fees] under contract." *Id.* Thus, the statute "remed[ies] the unequal allocation of litigation risks built into . . . contracts of adhesion." *Id.* "Consequently, . . . to further the statute's purpose, the exposure to the risk of a contractual obligation to pay attorney fees must give rise to a corresponding risk of a statutory obligation to pay fees." *Id.* ¶ 19. Accordingly, a court's discretion to award or deny attorney fees under the statute must be exercised in furtherance of the statute's policy of allocating the risk of paying attorney fees equally between the party protected by the statute and the party protected by the contract. *See id.* ¶ 17.

¶13 "Where the terms of a contract provide for the award of attorney fees, such fees are awarded as a matter of legal right." *Saunders v. Sharp*, 818 P.2d 574, 579 (Utah Ct. App. 1991) (citation and internal quotation marks omitted). Accordingly, "[p]rovisions in written contracts providing for the payment of attorney[] fees should ordinarily be honored by the courts." *Soffe v. Ridd*, 659 P.2d 1082, 1085 (Utah 1983), *abrogated on other grounds by Commercial Real Estate Inv., LC v. Comcast of Utah II, Inc.*, 2012 UT 49, 285 P.3d 1193. Fees should be awarded, that is, "where no compelling reasons appear otherwise." *Id; see also Trayner v. Cushing*, 688 P.2d 856, 858 (Utah 1984) ("Where the parties have agreed by contract to the payment of attorney fees,

the court may award reasonable fees in accordance with the terms of the parties' agreement.").

¶14 Accordingly, to satisfy the supreme court's direction to award fees liberally under the reciprocal attorney fee statute, *Bilanzich*, 2007 UT 26, ¶ 19, and to ensure that the discretion to award fees under the statute corresponds with the discretion to award fees under a contract, we hold that fee requests under the statute "should ordinarily be honored" unless "compelling reasons appear otherwise," *Soffe*, 659 P.2d at 1085.

¶15 Here, Federated argues that the district court had an equitable basis to withhold attorney fees, and "courts may . . . inform their decisions [to award fees] with other equitable principles." *Bilanzich*, 2007 UT 26, ¶ 20. Specifically, Federated points out that, "in the spirit of leveling the playing field, courts should avoid using this statute to expose one party to a disproportionate risk of paying attorney fees that would result in a windfall to the other party." *Id.* Therefore, Federated argues, because the district court found that Haner "would be unjustly enriched if she were awarded her attorney's fees"—i.e., awarding fees would have resulted in a windfall—the district court acted within the equitable bounds of its discretion.

¶16 The district court declared that "[Haner] would be unjustly enriched if she were awarded her attorney's fees incurred in this lawsuit." But the court entered no findings and cited no facts in support of this conclusion. Indeed, no facts were before the court, only the allegations and denials found in the complaint and answer. On appeal, Federated suggests a plausible rationale for the district court's assertion: if Haner were awarded her attorney fees, "not only would [she] avoid all liability stemming from her credit card purchases and from her failure to pay for her credit card purchases in a timely manner, but Federated would be required to pay [her] for her attorney fees." Or as Federated argued below, "If the Court were to award reasonable fees and costs, [Haner] would completely

avoid any liability on a legitimate debt that [s]he incurred in the principal amount of $12,005.83."

¶17    Federated may well be right about this. Then again, it may not be. On this record we simply cannot know. A statute of limitations may—and frequently does—"foreclose a cause of action before it is ever litigated on its merits." *In re Adoption of J.S.*, 2014 UT 51, ¶ 21 (citation omitted), *petition for cert. filed sub nom. Bolden v. Doe*, (U.S. Mar. 3, 2015) (No. 14-1106). That occurred here. The district court dismissed Federated's claim without receiving evidence of its merits. In its complaint Federated alleged the debt, and in her answer Haner denied it. In addition, she alleged numerous defenses, including lack of standing, estoppel, lack of subject matter jurisdiction, fraud on the court, and statute of limitations. The district court ruled that the last of these had merit. Given that ruling, the district court had no reason to adjudicate any other claim or defense. The district court did not determine whether the alleged debt was legitimate in the amount of $12,005.83 or in any other amount. Accordingly, Federated's allegation that Haner owed $12,005.83 provided no compelling reason to withhold from Haner the attorney fee award to which the contract and the statute otherwise entitled her.

¶18    The same result might follow even if Federated's claim enjoyed evidentiary support. "[T]he core purpose of any statute of limitations is to compel exercise of a right within a reasonable time to avoid stale claims, loss of evidence, and faded memories . . . ." *Jensen v. IHC Hosp., Inc.*, 944 P.2d 327, 332 (Utah 1997). Accordingly, for purposes of awarding attorney fees under a contract, it is doubtful that equity requires treating a victory based on a statute of limitations differently from a victory based on an adjudication of the merits of the underlying claim. Furthermore, we are mindful of the reciprocal attorney fee statute's purpose of leveling the playing field when a contract allows one party to collect attorney fees. Federated has cited no authority for the proposition that a district court has discretion to deny fees under a contract-fee provision merely because the

prevailing party won on statute of limitations grounds. The reciprocal attorney fee statute dictates a like result here.

¶19   Accordingly, we reverse the district court's denial of Haner's request for attorney fees and remand with directions to award Haner reasonable attorney fees in accordance with the terms of the Agreement and the reciprocal attorney fee statute. In addition, a party entitled by contract or statute to "attorney fees below" and that "prevails on appeal is entitled to fees reasonably incurred on appeal." *Giles v. Mineral Res. Int'l, Inc.*, 2014 UT App 259, ¶ 25, 338 P.3d 825. We therefore direct the district court to award Haner her reasonable fees incurred on appeal as well. *See id.*

CONCLUSION

¶20   The order of the district court denying Haner's request for attorney fees is reversed and the matter remanded for the district court to award Haner her reasonable attorney fees incurred in the district court and on appeal.

_____