2011 UT App 73

**MURRAY CITY, Plaintiff and Appellee,**

v.

**S. Steven MAESE, Defendant and Appellant,**

and

**State Records Committee, a division of the State of Utah, Defendant and Appellee.**

No. 20090958–CA.

Court of Appeals of Utah.

March 24, 2011.

S. Steven Maese, Holladay, Appellant Pro Se.

Andrew M. Morse, R. Scott Young, Mark L. Shurtleff, Nancy L. Kemp, and Paul H. Tonks, Salt Lake City, for Appellees.

Before Judges DAVIS, ORME, and ROTH.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Plaintiff S. Steven Maese appeals a decision of the district court affirming an order of the Utah State Records Committee that required Murray City to disclose to Maese the names of officers, but not witnesses, in police officer discipline reports requested under the Government Records Access Management Act (GRAMA), see Utah Code Ann. §§ 63G–2–101 to –901 (2008 & Supp.2010). On appeal, Maese claims error on two grounds. First, Maese claims the district court erred in dismissing his counterclaim as untimely. Maese contends that as a result of this error, he has been denied an opportunity to seek a permanent injunction against the City and prevented from receiving an award of fees and costs. Second, Maese objects to the participation of the Committee in this appeal because, he alleges, the Committee lacks standing. As a remedy, he asks this court to prohibit the Committee from participating any further in this case.[1]

¶ 2 Under Utah law, "[i]f the requested judicial relief cannot affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits." Duran v. Morris, 635 P.2d 43, 45 (Utah 1981). See State v. Moore, 2009 UT App 128, ¶ 8 n. 2, 210 P.3d 967. We note that Maese has received exactly what he asked for in his GRAMA request. Specifically, Maese petitioned the City for unredacted copies of police discipline reports. Although the district court ordered only partial disclosure, it appears that Maese has now received fully unredacted copies of the City police discipline records he requested.[2] Because

1. Maese's docketing statement contains several other grounds for appeal that he has not addressed in his brief. Inasmuch as Maese has not briefed these issues, we consider them waived. See Pixton v. State Farm Mut. Auto. Ins. Co., 809 P.2d 746, 751 (Utah Ct.App.1991) ("Generally, where an appellant fails to brief an issue on appeal, the point is waived.").

2. The district court ordered that the City provide Maese with police reports that disclosed officer names but permitted the City to redact witness names. Nevertheless, both the City and the Committee represent, without contradiction by Maese, that Maese has now received "fully unre-

dacted copies of the records subject to his GRAMA request." Additionally, although the district court initially prohibited Maese from "publishing" the police discipline reports, the City moved the court to strike that prohibition from its order because it deemed it unenforceable. Curiously, Maese opposed that motion. The court, however, granted the City's motion and removed all restrictions on Maese's use of the unredacted records. Thus, Maese received full access to the records he originally sought and, despite his own opposition, has no restriction on how he uses those records.

Maese has received all he requested in his GRAMA request, we conclude that his claims for injunctive relief and for an order barring the Committee from further participation in this case are moot.

¶ 3 Specifically, Utah Code section 63G–2–802 permits a district court to issue an injunction against a governmental entity "that violates or proposes to violate" GRAMA. *See* Utah Code Ann. § 63G–2–802(1) (2008). Here, any violation on the part of the City by withholding police discipline records has already been remedied; Maese has no outstanding GRAMA requests to the City; and there is no evidence that the City has proposed to violate GRAMA in the future, despite Maese's claims that the district court's order "instructs Murray [City] how it should hide public documents." Accordingly, we conclude that even if we were to reverse the district court's dismissal of Maese's counterclaim on jurisdictional grounds, there is little possibility that either his rights or the outcome of future proceedings would be affected. We therefore regard this issue as moot. *Cf. Reynolds v. Reynolds*, 788 P.2d 1044, 1046 n. 1 (Utah Ct.App.1990) (dismissing an appeal as moot because there was "little possibility that [reversal of the trial court's preliminary injunction decision] could affect 'subsequent proceedings or rights of the parties' ") (citation omitted). Likewise, Maese's request of this court to prevent the Committee from participating further in this case is moot because Maese would gain no more relief than what he has already received even if we were to conclude that the Committee lacked standing.[3] *See Duran*, 635 P.2d at 46.

■ ¶ 4 Finally, Maese claims that he is entitled to an award of fees and costs as alleged in his counterclaim. The district court dismissed Maese's counterclaim because it found it untimely. We conclude that

it was error for the district court to dismiss Maese's claim for fees and costs.

¶ 5 Under GRAMA, a party may seek judicial review of a decision of the Committee by filing a petition with the district court within thirty days of the Committee's order. *See* Utah Code Ann. § 63G–2–404(1)(b) (2008). However, under GRAMA, "[n]either attorney fees nor costs shall be awarded for fees or costs incurred during administrative proceedings." *Id.* § 63G–2–802(3). Rather, fees and costs under GRAMA are only available "in connection with appeals to district courts." *Id.* § 63G–2–802(4). Maese did not initiate judicial review in the district court. Instead, he filed his claim for fees and costs only after the City sought judicial review of the Committee's order. Thus, Maese's only way to assert his statutory right to seek fees and costs incurred during the district court's judicial review was to raise it in a responsive pleading. GRAMA provides that all pleadings and proceedings following a petition for judicial review are governed by the Utah Rules of Civil Procedure. *See id.* § 63G–2–404(5). Under the Utah Rules of Civil Procedure, Maese had twenty days to file a responsive pleading after being served with the City's petition. *See* Utah R. Civ. P. 12(a), (b). Maese filed his response to the City's petition seventeen days after the City filed its petition. Accordingly, because a responsive pleading was Maese's only avenue for seeking fees and costs during the judicial review phase and because he filed his claim for fees and costs within the twenty-day time limit prescribed in the Utah Rules of Civil Procedure, we conclude that the district court erred in dismissing Maese's claim for fees and costs as untimely.

¶ 6 We therefore remand to the district court for the sole purpose of determining whether Maese is entitled to reasonable attorney fees and costs under GRAMA[4] and, if he is, to make such an award. *See* Utah

---

3. Maese has not argued that an exception to the traditional mootness doctrine applies. *See generally McBride v. Utah State Bar*, 2010 UT 60, ¶ 13, 242 P.3d 769 ("A matter falls within the public interest exception [to the mootness doctrine] 'when the case presents an issue that affects the public interest, is likely to recur, and because of the brief time that any one litigant is affected, is capable of evading review.' ") (citation omitted).

4. In this case, only costs appear to be awardable. *See Smith v. Batchelor*, 832 P.2d 467, 473 (Utah 1992) ("It is the general rule that pro se litigants should not recover attorney fees for successful litigation.").

Code Ann. § 63G–2–802(2). We determine that the other issues raised by Maese are moot and we do not reach their merits.

¶ 7 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and STEPHEN L. ROTH, Judge.