2011 UT App 406

**Shawna L. McNEIL, Petitioner and Appellee,**

v.

**Ruth Elizabeth HONE, Respondent and Appellant.**

**No. 20110635–CA.**

Court of Appeals of Utah.

Dec. 1, 2011.

Ronald D. Wilkinson, Orem, for Appellant.

Shawna L. McNeil, Kamas, Appellee Pro Se.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Ruth Elizabeth Hone appeals an order dismissing a civil stalking injunction. This appeal is before the court on a sua sponte motion for summary disposition.

¶ 2 The district court concluded that Hone engaged in only one act of civil stalking, which was not sufficient to support continuation of an ex parte civil stalking injunction. Because Shawna L. McNeil did not meet the burden of showing two or more acts of civil stalking, the district court dismissed the civil stalking injunction. However, the district court stated that Hone was on notice that "if you continue to do any of the types of things that have been discussed today, you know that's going to cause emotional distress and that the McNeils will be right back here in court having already proved one act of civil stalking." Hone challenges the district court's finding that McNeil proved one act of stalking behavior.

¶ 3 "In order to enter a civil stalking injunction, the district court must conclude that 'an offense of stalking has occurred' that meets the criteria for the 'crime of stalking as defined by [Utah Code] Section 76–5–106.5(2)'—the criminal stalking statute." *Coombs v. Dietrich,* 2011 UT App 136, ¶ 2, 253 P.3d 1121 (quoting Utah Code Ann. § 77–3a–101(1) (2008)). "A person is guilty of stalking who intentionally or knowingly engages in a course of conduct directed at a specific person and knows or should know that the course of conduct would cause a reasonable person" to fear for his or her safety or the safety of a third person or "to suffer other emotional distress." Utah Code Ann. § 76–5–106.5(2) (2008). A "[c]ourse of conduct" requires proof of "two or more acts directed at or toward a specific person." *Id.* § 76–5–106.5(1)(b). A single incident cannot constitute a course of conduct for purposes of the stalking statute. *See Allen v. Anger,* 2011 UT App 19, ¶ 22, 248 P.3d 1001.

¶ 4 Hone argues that the district court held that she had engaged in at least one act of stalking and that if she "engaged in one more act of stalking subsequent to its ruling, the stalking injunction would, in fact, be entered against her." The district court's written order merely dismissed the civil stalking injunction on a preprinted form. The transcript of the hearing reveals that the district court clarified that McNeil would be required to initiate a new civil stalking injunction proceeding that would be considered on its own terms. The district court also stated that it was not permitted by statute to continue the civil stalking proceeding once it had determined that McNeil had not demonstrated the required course of conduct. However, because the district court put Hone "on notice" that McNeil had proven one act of civil stalking, she argues that the "holding would essentially leave [her] constantly exposed to the threat of having a civil stalking injunction entered against her" and that she "will be left to live under the constant threat of having a civil stalking injunction issued against her, based on the finding that she had, in fact, engaged in an act of stalking based upon her Facebook comment to a third party."

¶5 Hone essentially requests an advisory opinion from this court, which we decline to issue. Any hypothetical future civil stalking injunction necessarily must be based upon proof of a course of conduct satisfying the stalking statute. Hone has not demonstrated why, having prevailed in the underlying case, she is entitled to a decision of this court for purposes of limiting the evidence that might be used in a hypothetical future proceeding. Even assuming that McNeil were to seek a civil stalking injunction in the future, she would have the burden of proving a course of conduct consisting of two or more acts of stalking behavior. The dismissal of the civil stalking injunction in this case renders Hone's claims of alleged error in the district court's underlying reasoning moot. *See Murray City v. Maese*, 2011 UT App 73, ¶ 2, 251 P.3d 843 (stating that if the requested judicial relief cannot affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits); *see also Ellis v. Swensen*, 2000 UT 101, ¶ 25, 16 P.3d 1233 ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants."); *Merhish v. H.A. Folson & Assoc.*, 646 P.2d 731, 732 (Utah 1982) ("The strong judicial policy against giving advisory opinions dictates that courts refrain from adjudicating moot questions."). Furthermore, because Hone obtained a dismissal of the civil stalking injunction, any decision of this court would be advisory insofar as it was intended to address the sufficiency of proof of stalking behavior in a hypothetical future case. *See Pett v. Autoliv ASP, Inc.*, 2005 UT 2, ¶ 4, 106 P.3d 705 ("Where there exists no more than a difference of opinion regarding the hypothetical application of a [law] to a situation in which the parties might, at some future time, find themselves, the question is unripe for adjudication." (citations and internal quotation marks omitted)(alternation in original)).

¶6 Because the issues raised by Hone were rendered moot by the dismissal of the civil stalking injunction, we decline to reach them. Accordingly, we dismiss the appeal as moot.