*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2017 UT 68**

IN THE

SUPREME COURT OF THE STATE OF UTAH

MAA PROSPECTOR MOTOR LODGE, LLC,
*Appellee,*

*v.*

RAY W. PALMER, et al.,
*Appellants.*

No. 20151010
Filed September 28, 2017

On Direct Appeal

Seventh District, San Juan
The Honorable Lyle R. Anderson
No. 140700016

Attorneys:

Ronald G. Russell, Royce B. Covington, Jeffery A. Balls, Salt Lake City,
for appellee

Craig C. Halls, Blanding, for appellant

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE, and
JUDGE HOLMBERG joined.

Having recused herself, JUSTICE DURHAM does not participate herein;
DISTRICT COURT JUDGE KENT R. HOLMBERG sat.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶ 1    This case involves the same unstayed court order at issue in *2DP Blanding, LLC v. Palmer*, 2017 UT 62, __ P.3d __. The order authorized a foreclosure sale of real property. The sale was executed while the litigation was on appeal. In this case, MAA Prospector purchased property (Parcel 1) at the foreclosure sale. Unlike 2DP Blanding, MAA Prospector had actual notice of Palmer's appeal of the foreclosure order when it purchased the property. We are asked whether such notice means that MAA Prospector took the property subject to the outcome of the appeal. We answer this question in the negative. We reaffirm our statement in *2DP Blanding* that "an appellant who takes no action to preserve his interests in property at issue on appeal has no recourse against a lawful third-party purchaser." *2DP Blanding*, 2017 UT 62, ¶ 1. And we accordingly affirm the district court's award of summary judgment to MAA Prospector.

¶ 2    We also affirm the award of attorney fees to MAA Prospector. Palmer raises credible statutory arguments for reversal but ignores adverse controlling authority. And we decline to overrule our precedent where Palmer has failed to contend that it was wrongly decided or subject to being overruled.

I

¶ 3    This case is an offshoot of a lien dispute between Ray Palmer and First National Bank. In July 2003, Palmer agreed to sell two parcels of commercial real estate to JDJ Holdings, Inc. JDJ obtained two loans to finance the purchase—one from First National and one from Palmer. Both loans were secured by trust deeds. First National recorded its deed on December 5, 2013 and had first position. Palmer recorded his deed on December 12, 2013 and had second position.

¶ 4    Due to a flaw in the initial loan approval, First National was required to record a new deed after Palmer recorded his deed. Before recording the new deed, First National got an erroneous title report that failed to show the Palmer deed. And despite having knowledge of Palmer's loan at its inception, First National relied on the erroneous title report and simply revoked its original deed and recorded the new deed on March 8, 2004. The bank did not obtain a subordination agreement from Palmer. The new deed accordingly appeared to elevate Palmer's deed to first position. But no one discovered this repositioning at the time.

¶ 5    Five years later, JDJ defaulted on both loans. Palmer and First National both claimed that their deed was entitled to senior position. The deed holders initiated legal proceedings to settle the dispute, and the district court granted summary judgment to First National. The court held that the bank was entitled to equitable reinstatement of its original deed. It also authorized First National to "exercise all rights and remedies provided by its Trust Deed with respect to the Property," including proceeding with a foreclosure sale.

¶ 6    Palmer appealed the court's decision on April 8, 2011. He challenged the lien priority established by the district court's order. But he did not formally seek or obtain a stay of the order. And he did not file a *lis pendens* on the property at any point during the litigation. On June 29, 2011, First National issued a Notice of Trustee's Sale under its reinstated trust deed, and a trustee's sale was held on August 8, 2011.

¶ 7    To this extent this case is procedurally identical to the *2DP Blanding* case. *See 2DP Blanding, LLC v. Palmer*, 2017 UT 62, ¶¶ 2–6, __ P.3d __. Yet there are two elements of this case that set it apart from *2DP Blanding*. First, the trust deed between Palmer and the original purchaser of Parcel 1, JDJ, authorized Palmer to seek attorney fees from JDJ if it defaulted on the loan and foreclosure proceedings were necessary.[1] Second, MAA Prospector purchased Parcel 1 directly at the foreclosure sale held on August 8, 2011. And it did so with actual knowledge of Palmer's appeal of the order approving that sale.

¶ 8    In February 2013, the court of appeals reversed the judgment under which the foreclosure sale was conducted. It remanded the case to the district court for further proceedings. Then, in July 2014, after unsuccessfully litigating a claim to obtain the proceeds of the foreclosure sale, Palmer recorded a notice of default and election to sell under his original trust deed. MAA Prospector responded by initiating this suit against Palmer, seeking an order enjoining Palmer from foreclosing on the property and quieting its title to Parcel 1.

¶ 9    The district court heard cross-motions for summary judgment. It ruled that the foreclosure sale extinguished any interest Palmer had

---

[1] *2DP Blanding* was premised on the same trust deed, but the plaintiff in that case withdrew its motion for attorney fees. Accordingly, this provision was not at issue in that case.

in the property. And it granted MAA Prospector's motion to enjoin the foreclosure sale and quiet title to Parcel 1.

¶ 10   In its ruling on summary judgment, the district court recognized that the issue of attorney fees remained. MAA Prospector filed a motion for fees after the summary judgment ruling but before the entry of final judgment. After further briefing and oral argument, the district court granted the motion for fees.

¶ 11   Palmer filed a timely appeal from both the adverse summary judgment ruling and the attorney fees award. On appeal we review the district court's grant of summary judgment and its interpretation of the attorney fee statute for correctness. *See Heslop v. Bear River Mut. Ins. Co.*, 2017 UT 5, ¶ 15, 390 P.3d 314; *Insight Assets, Inc. v. Farias*, 2013 UT 47, ¶ 8, 321 P.3d 1021.

II

¶ 12   Palmer asserts that this case is distinguishable from *2DP Blanding* because MAA Prospector had actual notice of the pending appeal and therefore took subject to the outcome of that litigation. We disagree.

¶ 13   "[W]hen an appellant neither obtains a stay of execution nor timely records a *lis pendens*, he has no recourse against third parties who lawfully acquire the property." *2DP Blanding*, 2017 UT 62, ¶ 27. Actual notice does not change this rule. *See id.* ¶ 28. To hold otherwise would trivialize the importance of obtaining a stay or timely filing a *lis pendens* at the outset of litigation. We decline to do so. And we reject Palmer's other arguments for reversal on the same grounds as articulated in *2DP Blanding*. *Id.* ¶¶ 29–36. We thus affirm the grant of summary judgment to MAA Prospector.

¶ 14   On the issue of attorney fees, Palmer challenges the district court's interpretation of the reciprocal attorney fee statute. The statute provides that "[a] court may award costs and attorney fees to either party that prevails in a civil action based upon any . . . written contract . . . when the . . . written contract . . . allow[s] at least one party to recover attorney fees." UTAH CODE § 78B-5-826. In this case, the contract at issue is the original loan agreement between Palmer and JDJ. The loan agreement authorizes Palmer to collect reasonable attorney fees associated with the costs of foreclosing the loan in the event JDJ defaults. Palmer asserts that he has not sought attorney fees from MAA Prospector. He likewise argues that under no theory would he be entitled to fees against MAA Prospector. And Palmer emphasizes that

his contract was with JDJ, not MAA Prospector. So, he claims, there is no requisite privity to enforce the fees provision against MAA Prospector.

¶ 15 Palmer further asserts that his reading of the statute is consistent with our decision in *Hooban v. Unicity International, Inc.*, 2012 UT 40, 285 P.3d 766. He argues that *Hooban* stands for the proposition that only parties to the contract—or third parties who would have been deemed parties to the contract had they prevailed in the litigation—are entitled to an award of fees arising from the contract. *See id.* ¶¶ 25–29.

¶ 16 This argument seems credible on its face, both as a matter of statutory interpretation and under *Hooban*. But we nonetheless reject the argument on the grounds that Palmer has failed to address contradictory precedent that is indistinguishable from this case. *See Insight Assets, Inc. v. Farias*, 2013 UT 47, 321 P.3d 1021.

¶ 17 The question presented in *Insight Assets* is identical to that at issue here. The property purchaser in that case, as here, obtained both a bank loan and seller financing to finance the property. *Id.* ¶ 3. The purchaser subsequently defaulted on both loans. *Id.* ¶ 4. And again as in the present case, the bank foreclosed and the property was sold to a third party purchaser at a foreclosure sale. *Id.* The attorney fees issue thus arose when the assignee of the original seller attempted to foreclose on the seller's trust deed. *Id.* ¶ 5. The attorney fees provision in the seller's trust deed, moreover, was nearly identical to the provision in the Palmer-JDJ trust deed. Under that provision, we held that "the statutory trigger for fee shifting [was] met: the contract allow[ed] at least one party, Insight Assets, to recover attorney fees, and consequently the court may award attorney fees to the party that prevails in the action." *Id.* ¶ 25.

¶ 18 MAA Prospector raised and litigated *Insight Assets* before the district court. And the court's analysis of the attorney fee issue parallels the analysis in *Insight Assets*. Yet Palmer failed to cite *Insight Assets* in his opening brief; so of course he also failed to attempt to distinguish it or to ask us to overrule it. When MAA Prospector raised the case in its brief, moreover, Palmer again failed to address it on reply.

¶ 19 We therefore decline to revisit our holding in *Insight Assets*. We find that case controlling. And we conclude that MAA Prospector is entitled to fees under the analysis of that opinion.

¶ 20 Palmer urges reversal of the attorney fee award on one other ground. He claims that MAA Prospector's motion for fees was untimely filed under our rule in *Meadowbrook, LLC v. Flower*, 959 P.2d 115 (Utah 1998). In Palmer's view, *Meadowbrook* requires that a motion for attorney fees be filed before summary judgment is granted on the relevant issues. And Palmer further asserts that attorney fees may not be orally reserved. We disagree.

¶ 21 The standard in *Meadowbrook* requires only that a motion for attorney fees be filed before the entry of final judgment, unless the district court orders otherwise. *Id.* at 119–20. Here, the district court expressly identified the attorney fees issue as outstanding in its order granting summary judgment. And MAA Prospector filed its motion before the entry of final judgment.

¶ 22 We therefore conclude that the motion was timely filed and properly decided in light of our precedent. And we affirm the district court's award of attorney fees.

### III

¶ 23 We affirm the district court's grant of summary judgment and its award of attorney fees to MAA Prospector.