*This opinion is subject to revision before final publication in the Pacific Reporter*

**2024 UT 1**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

CATHY MCKITRICK,
*Appellant,*

*v.*

KERRY GIBSON, CITY OF OGDEN, and
ODGEN CITY RECORDS REVIEW BOARD,
*Appellees.*

No. 20220738
Heard November 13, 2023
Filed January 11, 2024

On Direct Appeal

Second District, Weber County
The Honorable Noel S. Hyde
No. 180906947

Attorneys:

Jeffrey J. Hunt, David C. Reymann, Kade N. Olsen, Salt Lake City,
for appellant

Stephen F. Noel, Ryan D. Poole, Ogden, for appellee
City of Ogden

Peter Stirba, Matthew Strout, Salt Lake City, for appellee
Kerry Gibson

Clinton R. Drake, Bountiful, for appellee Ogden City Records
Review Board

JUSTICE POHLMAN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUDGE HARRIS joined.

Having recused herself, JUSTICE HAGEN does not participate
herein; COURT OF APPEALS JUDGE RYAN M. HARRIS sat.

Jᴜꜱᴛɪᴄᴇ Pᴏʜʟᴍᴀɴ, opinion of the Court:

## INTRODUCTION

¶1    The Ogden City Records Review Board (Review Board) ordered Ogden City to release redacted versions of certain records to Cathy McKitrick, an investigative journalist who requested the records under the Government Records Access and Management Act (GRAMA). Although neither McKitrick nor Ogden City challenged the Review Board's decision, Kerry Gibson, the subject of the records, did. Naming the Review Board and Ogden City—but not McKitrick—as respondents, Gibson petitioned the district court to prevent the records' release.

¶2    McKitrick perceived from the parties' initial court filings that her interest in obtaining the records would not be fully represented in the proceedings, so she intervened and moved the court to dismiss Gibson's petition for want of standing. That issue came to this court, and we held that Gibson lacked standing to challenge the Review Board's decision. *See McKitrick v. Gibson* (*McKitrick I*), 2021 UT 48, ¶ 50, 496 P.3d 147. We accordingly remanded the case and instructed the district court to dismiss Gibson's petition. *Id.*

¶3    Before the district court dismissed the case, however, McKitrick moved for an award of attorney fees and litigation costs. She contended that a provision under GRAMA, Utah Code section 63G-2-802 (the fee provision), obliged Ogden City to pay the fees and costs she incurred in contesting Gibson's petition. The district court denied McKitrick's motion, and we now review that decision.

¶4    We reverse the district court's interpretation of the fee provision but stop short of holding that McKitrick is entitled to a fee award. Because the district court did not consider substantive aspects of the fee provision, we remand the case for it to do so.

## BACKGROUND

¶5    While serving as a Weber County Commissioner, Kerry Gibson was accused of misusing public resources for his personal benefit. That accusation led to a formal investigation, which concluded without charges being filed.

¶6    Soon thereafter, freelance journalist Cathy McKitrick emailed the Ogden Police Department requesting, under GRAMA, the "contents and filings" of the investigation into Gibson. Gibson objected to McKitrick's request, and Ogden City denied it, explaining that the records were classified as "private" and

"protected" under GRAMA and that the "public's interest in disclosure [did] not outweigh the City's interest in classifying" the records as such. (Citing UTAH CODE §§ 63G-2 -302(2)(d), -305(10)(d)–(e)).

¶7 McKitrick appealed to the Ogden Chief Administrative Officer, who upheld Ogden City's denial. McKitrick appealed once more, asking the Review Board to reverse Ogden City's and the Chief Administrative Officer's decisions. The Review Board held a hearing at which it heard arguments from McKitrick, Ogden City, and Gibson. After considering the arguments and inspecting the records *in camera*, the Review Board issued a written decision and order, reversing the previous denials of McKitrick's records request and ordering Ogden City to release the records with limited redactions.

¶8 One month after the Review Board issued its decision, Ogden City asked for, and the Review Board granted, more time to redact the necessary information from the records. In addition, the Review Board learned that Gibson was not notified of its decision and order, so it extended the right to appeal for thirty more days.

¶9 Gibson then filed a "petition for judicial review" of the Review Board's decision, identifying Ogden City and the Review Board as respondents. In the petition, Gibson asked the district court to reverse the Review Board's decision and to order that the records not be disclosed because, in his view, the records are properly classified as private and protected under GRAMA and because his privacy interest outweighs the public's interest in accessing the records.

¶10 In its response to Gibson's petition, Ogden City first noted that it had chosen not to appeal the Review Board's decision. Ogden City went on to address Gibson's arguments and requests for relief. It "support[ed] and "join[ed]" portions of Gibson's requests for relief—specifically, "that the records be deemed properly classified as protected . . . and . . . private under GRAMA" and "that the subject documents be precluded from disclosure." But it expressed "no interest in" the other portions of Gibson's requests—including his requests for the district court to balance interests, reverse the Review Board's decision, and order that the records not be disclosed.

¶11 The Review Board, in turn, defended its order and explained that, in issuing its decision, it "was merely fulfilling its obligations" under GRAMA. The Review Board therefore stated

that it was "not in a position to admit or deny any of the allegations contained in" Gibson's petition.

¶12 At that point, McKitrick moved to intervene in the case. She claimed to be "entitled to participate" in the litigation based on her "direct interest in the subject matter." She also asserted that her interest in the case was "sufficiently different from the existing parties' interests," noting in particular that Ogden City was "supporting [Gibson's] position on appeal that the Board's Order should be reversed." The district court granted McKitrick's motion and made her a party to the proceeding.

¶13 Responding to Gibson's petition, McKitrick rebutted Gibson's claims and requests for relief: she contended that the records "are neither private . . . nor protected" under GRAMA, denied that Gibson's privacy interest outweighs the public's interest in the records, and defended the Review Board's decision. She also urged the court to award "her reasonable costs and attorneys' fees to the extent permitted by applicable law."

¶14 McKitrick then moved the court to dismiss Gibson's petition because Gibson "lack[ed] standing under GRAMA to bring th[e] action." Gibson countered that he had standing "under the traditional and public-interest standing doctrines." The district court agreed that Gibson had standing, and McKitrick appealed that decision to this court. *See generally McKitrick I*, 2021 UT 48, 496 P.3d 147. We reversed the district court's decision, holding that "Gibson lack[ed] standing under GRAMA to seek judicial review of the Review Board's decision" and that Gibson was therefore precluded from "proceed[ing] on traditional or alternative standing grounds." *Id.* ¶ 50. In accordance with that holding, we remanded the case "for the dismissal of Gibson's petition." *Id.*

¶15 On remand, McKitrick invoked the fee provision to collect the attorney fees and litigation costs that she incurred in opposing Gibson's petition. Under the fee provision, "A district court may assess against any governmental entity or political subdivision reasonable attorney fees and costs reasonably incurred in connection with a judicial appeal to determine whether a requester is entitled to access to records under a records request, if the requester substantially prevails." UTAH CODE § 63G-2-802(2)(a). The fee provision goes on to list three factors (the statutory factors) that "the court shall consider" in making its determination: (1) "the public benefit derived from the case," (2) "the nature of the requester's interest in the records," and (3) "whether the

governmental entity's or political subdivision's actions had a reasonable basis." *Id.* § 63G-2-802(2)(b).

¶16 The fee provision also includes certain limitations. Relevant here, it permits an award only for fees and costs "incurred 20 or more days after the requester provided to the governmental entity or political subdivision a statement of position that adequately explains the basis for the requester's position." *Id.* § 63G-2-802(4).

¶17 McKitrick argued to the district court that, under the fee provision's plain language, she is entitled to an award of fees and costs at Ogden City's expense. In her view, Gibson's petition constituted "a judicial appeal to determine whether a requester"— McKitrick—"is entitled to access to records under a records request." *See id.* § 63G-2-802(2)(a). By McKitrick's estimation, she also "substantially prevail[ed]," *see id.*, because she secured the dismissal of Gibson's petition and thereby confirmed she is entitled to the records. And, McKitrick added, the statutory factors weigh in favor of a fee award. *See id.* § 63G-2-802(2)(b).

¶18 Ogden City responded that the fee provision is inapplicable under the circumstances. First, Ogden City claimed there was no "judicial appeal," *see id.* § 63G-2-802(2)(a), because the fee provision "only contemplates an appeal either from the requester of the disputed records or from the governmental entity." So because Gibson, not McKitrick or Ogden City, petitioned for review of the Review Board's decision, the fee provision did not apply. Next, according to Ogden City, McKitrick cannot seek fees and costs under the fee provision because she "did not 'substantially prevail' in any action against Ogden City." *See id.* And, turning to the statutory factors, Ogden City maintained that because its actions had a reasonable basis, McKitrick should be denied fees. *See id.* § 63G-2-802(2)(b)(iii).

¶19 Additionally, Ogden City insisted that, even if the statute otherwise applied, McKitrick was ineligible for fees because she did not provide Ogden City with "a statement of position that adequately explain[ed] the basis" for her position. *See id.* § 63G-2-802(4). On this point, Ogden City emphasized that McKitrick did not attempt to contact Ogden City to discuss the situation before moving to intervene.

¶20 The district court denied McKitrick's motion for fees. Attempting to read the fee provision "in a reasonable manner," the court concluded that "the language of the statute simply was not drafted in contemplation of the circumstance that is now before the

Court." From the court's perspective, because the fee provision "was intended to apply to circumstances wherein a requester or the city appeals a review board's decision," the fact that neither McKitrick nor Ogden City initiated the petition for review "is very significant and weighs heavily against an award of attorney fees."

¶21 Although the district court referenced the statutory factors in its written decision, its discussion was fragmentary. The court lamented that because standing was the only issue fully considered in the case, applying the statutory factors required it "to force the statute onto the facts of the current matter." The court thus concluded "there is no basis to determine any public benefit derived from the case . . . , the nature of the requester's interest in the records, and whether Ogden's actions had a reasonable basis."[1]

¶22 Turning to the question of whether McKitrick provided Ogden City with a "statement of position," *see id.*, the district court reiterated that the circumstances of the case fall outside the fee provision's ambit because the fee provision "necessarily contemplates a statement of the Requester's position for the right to have access to the documents, not the requester's position on the standing of a third party." The district court accordingly offered an alternative basis for its denial of McKitrick's motion for fees, determining that her filings in the case did not constitute a statement of position under the fee provision.

¶23 The district court's written decision did not address whether McKitrick "substantially prevail[ed]" for purposes of the fee provision. *See id.* § 63G-2-802(2)(a). Nor did the court determine the reasonableness of McKitrick's fees and costs. *See id.* (permitting district courts to assess "reasonable attorney fees and costs reasonably incurred").

¶24 McKitrick appeals the district court's decision.

## ISSUE AND STANDARD OF REVIEW

¶25 McKitrick disputes the district court's interpretation and application of the fee provision. While we defer to a district court's

---

[1] The district court did go a bit further in analyzing whether Ogden City's actions were reasonable, though its discussion was again narrowly focused on the issue of Gibson's standing. "[A]s to that issue," the court concluded it "ha[d] not been presented with any information to suggest that the positions maintained by the City were anything but reasonable and appropriate under the circumstances."

grant or denial of a request for attorney fees, *see Schroeder v. Utah Att'y Gen.'s Off.*, 2015 UT 77, ¶ 4, 358 P.3d 1075, we give no deference to a district court's construction of a statutory provision authorizing attorney fees, *see MAA Prospector Motor Lodge, LLC v. Palmer*, 2017 UT 68, ¶ 11, 416 P.3d 352.

**ANALYSIS**

¶26 "Attorney fees are generally recoverable in Utah only when authorized by statute or contract." *Reighard v. Yates*, 2012 UT 45, ¶ 41, 285 P.3d 1168 (cleaned up). McKitrick appeals the district court's denial of her motion for fees, asserting that the fee provision authorizes her to recover the attorney fees and litigation costs she incurred while defending the Review Board's decision.

¶27 Anchoring her interpretation of the fee provision in its broad language, McKitrick maintains that, even though it was Gibson who petitioned for judicial review of the Review Board's decision, the fees and costs she solicits were nevertheless incurred "in connection with a judicial appeal to determine whether" she was "entitled to access to records." *See* UTAH CODE § 63G-2-802(2)(a). And, because she effectively vindicated her records request, McKitrick argues that she "substantially prevail[ed]," as required by the fee provision. *See id.* Further, according to McKitrick, her early court filings, which she served on Ogden City, qualify as "a statement of position that adequately explain[ed] the basis" for her position. *See id.* § 63G-2-802(4). Next, McKitrick encourages us to balance the statutory factors and hold that they support a fee award. Finally, McKitrick requests we remand the case for the district court to decide the reasonableness of the costs and fees she incurred, *see id.* § 63G-2-802(2)(a), and to award costs and fees incurred in this appeal.

¶28 Ogden City disagrees that the fee provision entitles McKitrick to an award. For starters, Ogden City contends that the fee provision is inapplicable under the circumstances because McKitrick and Ogden City opted not to appeal the Review Board's decision. Even if the statute were to apply, Ogden City continues, McKitrick's court filings did not put Ogden City on notice of her intent to collect fees from Ogden City, so they do not suffice as a "statement of position." *See id.* § 63G-2-802(4). And, assuming we conclude that the statute applies and that McKitrick provided a statement of position, Ogden City requests we remand the case for the district court to decide whether McKitrick "substantially prevail[ed]" and whether the statutory factors weigh in favor of a fee award. *See id.* § 63G-2-802(2)(a), (2)(b).

¶29  We agree with McKitrick that the district court narrowed the fee provision's scope by reading restrictive language into the statute that the legislature did not include. We likewise agree with McKitrick that her court filings qualify as a "statement of position." *See id.* § 63G-2-802(4). But we agree with Ogden City that the district court did not apply the fee provision in its entirety, and we accordingly remand the case for the court to do so.

## I. THE FEE PROVISION'S PLAIN LANGUAGE CONTRAVENES THE DISTRICT COURT'S READING

¶30  McKitrick challenges the district court's conclusion that a fee award is permissible only when a governmental entity initiates a judicial appeal or opposes an appeal initiated by a requester. We agree that this interpretation overlooks the fee provision's broad language and imports a condition the legislature did not include.

¶31 Our primary goal when interpreting a statute is to ascertain the legislature's intent. *McKitrick I*, 2021 UT 48, ¶ 19, 496 P.3d 147. And "the best evidence of the legislature's intent is the plain language of the statute itself." *Id.* (cleaned up). "Where the statute's language marks its reach in clear and unambiguous terms, it is our role to enforce a legislative purpose that matches those terms, not to supplant it with a narrower or broader one . . . ." *Hooban v. Unicity Int'l, Inc.*, 2012 UT 40, ¶ 17, 285 P.3d 766.

¶32  The fee provision allows for an award of fees and costs that are "incurred in connection with a judicial appeal to determine whether a requester is entitled to access to records under a records request." *See* UTAH CODE § 63G-2-802(2)(a). As an initial matter, we note there is nothing about the word "appeal," as used in this context, to suggest that McKitrick falls outside the fee provision's scope. An appeal is "[a] proceeding undertaken to have a decision reconsidered by a higher authority." *Appeal*, BLACK'S LAW DICTIONARY (11th ed. 2019). Gibson's petition for judicial review meets that definition: by seeking "judicial review of the Board's Order," Gibson sought to have the Review Board's decision reconsidered by a higher authority—the district court.

¶33 And the parties do not dispute that the purpose of Gibson's petition for judicial review was "to determine whether a requester is entitled to access to records under a records request." *See* UTAH CODE § 63G-2-802(2)(a). In his petition, Gibson asked the district court to review the Review Board's decision de novo, outlining reasons why the records should not be released to McKitrick and requesting an "order that the disputed records . . . not be disclosed." Thus, the proceedings were initiated to

determine whether McKitrick was entitled to access to records under her records request.

¶34 That leaves us with the district court's conclusion that, for the fee provision to apply, either a governmental entity or a requester must initiate the appeal. Ogden City endorses the district court's analysis on this point, citing our decision in *McKitrick I* for support. There, we opined that under the plain language of Utah Code section 63G-2-701(6)(a), "only a requester of a record . . . or a political subdivision . . . may petition for judicial review of a local appeals board decision in the district court." *McKitrick I*, 2021 UT 48, ¶ 43. Adhering to well-settled norms of statutory interpretation, we presumed in *McKitrick I* "that the legislature used 'requester' and 'political subdivision' advisedly in crafting GRAMA's appellate review language." *Id.* ¶ 39. Because we saw nothing to contradict that presumption, we concluded that "the legislature carefully chose which access decisions were subject to appeal and which persons could pursue those appeals." *Id.* ¶ 41.

¶35 But *McKitrick I* did not involve the fee provision. Indeed, the fee provision presents the flipside of the statutory language at issue in *McKitrick I*. While in *McKitrick I* we presumed the *inclusion* of restrictive language to be purposeful, here we must presume the *omission* of restrictive language to be so. That is, of course, standard statutory-interpretation practice. *See, e.g.*, *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863 ("We . . . give effect to omissions in statutory language by presuming all omissions to be purposeful.").

¶36 And although section 63G-2-701's restrictive language could conceivably be understood to be impliedly incorporated into the fee provision, that view is contradicted by the legislature's express use of restrictive language in other GRAMA fee provisions. *Cf. Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 341 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest."). In a separate GRAMA provision authorizing attorney fees, the legislature identifies who must seek judicial intervention for the court to award fees, providing: "If *a governmental entity* requests a court to restrict access to a record under this section, the court shall require the governmental entity to pay the reasonable attorney fees and costs incurred by the lead party in opposing the governmental entity's request . . . ." UTAH CODE § 63G-2-405(2)

(emphasis added). The fact that the legislature left out this restrictive language from the fee provision suggests it intended not to identify or restrict who must seek judicial intervention for the fee provision to apply.

¶37  Ogden City complains that McKitrick's proposed reading of the fee provision has no "limiting principle." In particular, Ogden City worries that in a future scenario like this one—where a third party appeals a decision granting a records request and names the governmental entity, but not the requester, as a respondent—the governmental entity would be on the hook for an intervening requester's attorney fees and costs even if the governmental entity opposed the third-party's appeal. But Ogden City's concern is not grounded in the fee provision's text and is easily resolved. For a district court to assess fees against a governmental entity, the fees must be "reasonably incurred." *Id.* § 63G-2-802(2)(a). Moreover, in considering whether to issue an award, a district court is directed to examine whether the governmental entity's actions "had a reasonable basis." *Id.* § 63G-2-802(2)(b)(iii). Ogden City's fear could thus be avoided through the exercise of district court discretion. Confronted with the situation Ogden City describes, a district court could conclude that, because the requester's interests were adequately represented by the governmental entity, her intervention in the case was unnecessary, so the fees were not reasonably incurred. Alternatively, the district court could decline to award fees on the ground that the governmental entity's opposition to the third-party's appeal had a reasonable basis.

¶38  In sum, the district court interpreted the fee provision to be narrower than its text provides. McKitrick may be entitled to an award under the fee provision even though it was Gibson who petitioned for review of the Review Board's decision.[2]

---

[2] Ogden City also urges us to reject McKitrick's proposed interpretation of the fee provision under the absurdity doctrine. We decline to do so because Ogden City has not shown that "the operation of the statute is so overwhelmingly absurd that no rational legislator could ever be deemed to have supported a literal application of its text." *See Garfield Cnty. v. United States*, 2017 UT 41, ¶ 22, 424 P.3d 46 (cleaned up).

## II. MCKITRICK'S COURT FILINGS QUALIFY AS A STATEMENT OF POSITION

¶39   Attorney fees and costs can be recovered under the fee provision only if they are "incurred 20 or more days after the requester provided to the governmental entity or political subdivision a statement of position that adequately explains the basis for the requester's position." UTAH CODE § 63G-2-802(4). McKitrick contests the district court's determination that she failed to provide Ogden City with a statement of position. We agree with McKitrick that her court filings qualify as a statement of position.

¶40   At the outset, we observe there is nothing in the fee provision's text to indicate that, categorically, a court filing may not serve as a statement of position. Although we have never held that a court filing may qualify as a statement of position under the fee provision, our court of appeals has implied as much. *See Murray City v. Maese*, 2011 UT App 73, ¶ 5, 251 P.3d 843 (allowing a responsive judicial pleading to qualify as a statement of position). Because a court filing can serve to adequately explain the basis for a requester's position, we affirm that a court filing is one way that a requester could provide a governmental entity or political subdivision with a statement of position under the fee provision.

¶41   Here, McKitrick asserts that her motion to intervene, answer in intervention, and motion to dismiss together sufficed as a statement of position. Because she served those filings on each party to the litigation, they were necessarily "provided to" Ogden City, *see* UTAH CODE § 63G-2-802(4), so the only question under the fee provision's plain language is whether the filings "adequately explain[ed] the basis for [her] position," *see id.* According to Ogden City, McKitrick's filings were insufficient as a statement of position because her "only material position" was that Gibson lacked standing under GRAMA to seek judicial relief. Thus, she did not adequately explain the basis for her view that she was in a "legally adverse position to Ogden," nor did she put Ogden City on notice that it could be liable for her fees and costs.

¶42   But, taken together, McKitrick's motion to intervene and answer in intervention contradict Ogden City's assertions. In those filings, McKitrick not only challenged Gibson's standing, she also described her "legal interests" in the action, explained how her position "diverge[d]" from Ogden City's, "denie[d] that Gibson [was] entitled to any judgment or relief," contended that the records are "neither private . . . nor protected" under GRAMA, defended the Review Board's decision, and cited law under which

the records should be released. In addition, McKitrick's answer in intervention put Ogden City on notice that McKitrick intended to recover reasonable attorney fees and costs "to the extent permitted by applicable law."

¶43 We are persuaded that, collectively, McKitrick's statements in her motion to intervene and answer in intervention adequately explained her position. Because her answer in intervention was filed later in time, we hold that McKitrick's statement of position was provided on the date of that filing.

## III. WE REMAND FOR THE DISTRICT COURT TO CONSIDER THE ASPECTS OF THE FEE PROVISION THAT IT HAS NOT ADDRESSED

¶44 The district court's order did not address substantive aspects of the fee provision, including whether McKitrick substantially prevailed, whether the statutory factors support an award, and whether McKitrick's fees and costs are reasonable. Because these questions are subject to district court discretion, we remand the case for the court to consider them.

¶45 To begin, the district court did not analyze whether, under the fee provision, McKitrick "substantially prevail[ed]." *See* UTAH CODE § 63G-2-802(2)(a) (permitting a district court to "assess . . . reasonable attorney fees and costs . . . if the requester substantially prevails"). And we decline to do so on appeal. Because the question of whether a party prevailed typically "depends, to a large measure, on the context of each case," we conclude it is appropriate "to leave th[e] determination to the sound discretion of the [district] court." *See R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119. But we offer two points for the court to consider on remand.

¶46 First, Ogden City suggests the question "against whom?" must be a part of the inquiry into whether McKitrick substantially prevailed. But, for the reasons noted above, *see supra* ¶¶ 32–38, this would effectively add restrictive language to the fee provision that the legislature omitted. Thus, we clarify that it is possible McKitrick substantially prevailed even if she did not prevail *against Ogden City*. Second, and similarly, while the fee provision describes what the appeal must be about—"whether a requester is entitled to access to records under a records request," UTAH CODE § 63G-2-802(2)(a)—it does not describe the way in which the requester must substantially prevail, whether on the merits or as a result of a jurisdictional defect of the appeal. This is an omission we presume to be purposeful. Accordingly, we clarify that it is possible

McKitrick substantially prevailed even if she did not prevail on the merits.

¶47 Next, the district court did not evaluate the statutory factors comprehensively. Under the fee provision, the district court "shall consider" three factors in determining whether to enter an award of fees: (1) "the public benefit derived from the case," (2) "the nature of the requester's interest in the records," and (3) "whether the governmental entity's or political subdivision's actions had a reasonable basis." *Id.* § 63G-2-802(2)(b). The district court concluded that because the merits of Gibson's petition were never considered, there was "no basis" to analyze the statutory factors. In its written decision, the court forewent analysis of the first two statutory factors and undertook a curbed analysis of the third. Addressing the third factor, the court explained that McKitrick had not shown that Ogden City's "positions" on whether Gibson possessed standing "were anything but reasonable and appropriate."

¶48 The parties agree that the district court's consideration of the statutory factors was incomplete, though they disagree about how to remedy the shortcoming. McKitrick maintains that the district court incorrectly weighed the statutory factors, so we should step in and conclusively weigh them. For its part, Ogden City asserts we must remand the issue because district court discretion is integral to the fee provision.

¶49 We agree with Ogden City's proposed course of action. Consistent with our caselaw discussing the fee provision, as well as that of the court of appeals, we decline to weigh the statutory factors on appeal because doing so would deprive the district court of its legislatively assigned discretion to apply the fee provision to the facts of the case. *See Schroeder v. Utah Att'y Gen.'s Off.*, 2015 UT 77, ¶ 62, 358 P.3d 1075 (noting that because the fee provision "is permissive" and allows the district court "to award fees after considering a variety of factors," "the district court is in the best position to make th[e] decision in the first instance"); *Murray City v. Maese*, 2011 UT App 73, ¶ 6, 251 P.3d 843 (remanding the case for the district court to determine whether a records requester was entitled to attorney fees and costs under the fee provision). We clarify, however, that even though Gibson's petition was never addressed on the merits, that does not strip the district court of its ability to evaluate the statutory factors with a comprehensive view of the underlying circumstances. In other words, on remand the court should look beyond the question of Gibson's standing when

considering the public benefit derived from the case, the nature of McKitrick's interest in the records, and whether Ogden City's actions had a reasonable basis.

¶50 Finally, because it denied McKitrick's motion for fees on other grounds, the district court did not consider whether the award McKitrick seeks comprises "reasonable attorney fees and costs reasonably incurred." *See* UTAH CODE § 63G-2-802(2)(a). On appeal, neither party contests that this is a question for the district court, and we instruct the court to consider it on remand should the court balance the statutory factors in McKitrick's favor. We likewise instruct the district court to consider on remand McKitrick's request for the fees and costs she incurred in this appeal.

## CONCLUSION

¶51 Under the fee provision's plain language, McKitrick may be eligible for an award of fees even though neither she nor Ogden City appealed the Review Board's decision. McKitrick provided Ogden City with a statement of position in the form of a motion to intervene and answer in intervention. We therefore reverse the district court's decision interpreting the fee provision, and we remand the case for the court to address the parts of the fee provision that it has not fully considered.